IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **KYLE ZEIGER,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| **NUCOR CORP**, | ) | |
| | ) | |
| | ) | JURY DEMANDED |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

## NOTICE OF REMOVAL

Defendant, Nucor Corporation, by and through its attorneys, pursuant to 28 U.S.C. §§1332, 1441, and 1446, files this Notice of Removal with respect to the above-captioned action, commenced and pending in Dekalb Superior Court, in the State of Indiana, under Case Number 17D01-2020-CT000045 to the United States District Court for the Northern District of Indiana, for the reasons stated below:

### INTRODUCTION

1. On October 14, 2020, Plaintiff, Kyle Zeiger, filed a complaint seeking money damages against Nucor Corporation ("NUCOR") in the Superior Court of Dekalb County, Indiana, Case No. 17D01-2020-CT000045.

2. The entire available court file for the subject case in the Superior Court of Dekalb County, Indiana, is attached hereto as **Exhibit A**. The court file was last reviewed on November 24, 2020.

3. Zeiger served NUCOR on October 28, 2020. *See* Summons, a copy of which is attached to **Ex. A**.

## VENUE

4. Venue is proper pursuant to 28 U.S.C, §1441(a), which permits removal of any civil action brought in the State Court of which the district courts of the United States have original jurisdiction. The original jurisdiction of United States District Court for the Northern District of Indiana (Fort Wayne Division) includes Dekalb County, Indiana, the county in which this suit was filed.

## BURDEN OF PROOF

5. A defendant bears the burden to "present evidence of federal jurisdiction once the existence of that jurisdiction into doubt." *Good v. Maxim Healthcare Servs.,* Case No. 09-0146-DRH, 2009 WL 1025086 at *2 (S.D. Ill. Apr. 16, 2009).

6. "A defendant meets this burden by supporting [its] allegations of jurisdiction with 'competent proof, which in [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a **reasonable probability** that jurisdiction exists.'" *Chase v. Shop N'Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)(emphasis added).

7. To establish diversity jurisdiction, complete diversity must exist between the parties plus an amount in controversy exceeding $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

## DIVERSITY OF CITIZENSHIP

8. This Court has original jurisdiction of this matter under the provisions of 28 U.S.C. § 1332 as the parties are diverse, and the action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

9. Upon information and belief, Zeiger is a citizen and resident of Indiana. (*See* Compl., **Ex., A**, at ¶ 1.)

10. NUCOR is a corporation that is incorporated in the State of Delaware, with its principal place of business in Charlotte, North Carolina. (*See* Secretary of State website, attached as **Exhibit B**.)

11. For purposes of diversity jurisdiction under Section 1332(a)(1), NUCOR is a citizen of Delaware and North Carolina. *See* 28 U.S.C. § 1332(c)(1).

12. Complete diversity of citizenship exists because Zeiger is not a citizen of the same states as NUCOR. *See* 28. U.S.C. § 1332(a). Accordingly, this action satisfies the complete diversity of citizenship requirement under 28 U.S.C. § 1332(a).

## AMOUNT IN CONTROVERSY

13. Zeiger was employed by Vulcraft-Indiana, a wholly-owned, unincorporated division of NUCOR.[1]

14. However, Zeiger is asserting claims of retaliatory discharge against NUCOR, not Vulcraft-Indiana. (*See generally* Compl. attached as **Ex. A**.)

15. As a result of this alleged retaliatory discharge, Zeiger alleges that "he lost his job and job-related benefits including income." (*Id.* at ¶ 6.) He further alleges that he experienced "financial distress, emotional distress, mental anguish, humiliation, embarrassment, inconvenience, and other damages and injuries for which Plaintiff seeks compensatory damages." (*Id.*) He also seeks punitive damages against NUCOR for "intentional and deliberately" terminating his employment. (*Id.*)

---

[1] Vulcraft-Indiana is not a separate corporate or legal entity, whose citizenship would destroy diversity jurisdiction in this case.

55325174;2

16. Although NUCOR denies that its actions caused Zeiger's damages and that Zeiger is entitled to any monetary relief whatsoever, NUCOR believes in good faith that the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of costs and interest.

17. Because the matter in controversy: (A) exceeds the sum or value of seventy-five thousand dollars ($75,000.00) exclusive of costs and interest; and (B) there is complete diversity of citizenship between Zeiger and NUCOR, this Court has original jurisdiction over the underlying state court action under the provisions of 28 U.S.C. § 1332 and may be removed to this Court, pursuant to the provisions of 28 U.S.C. § 1441.

## **REMOVAL NOT BARRED BY 28 U.S.C. § 1445(c)**

18. This lawsuit is a civil action within the meaning of 28 U.S.C. §§1441(a) and 1446(b).

19. Although Section 1445(c) states that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States," the Seventh Circuit Court of Appeals has held that a retaliatory discharge claim is **not** a claim that "arises" from workers' compensation law—**regardless of whether the retaliation claim is based on the workers' compensation statute**. *Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722, 725 (7th Cir. 1994)(reasoning that "[a] claim of retaliatory discharge may be adjudicated without any inquiry into the meaning of workers' compensation laws…")(emphasis added). Accordingly, a retaliatory discharge claim based on the State of Indiana's Workers' Compensation Act is not barred by Section 1445(c), and may be removed to federal court. *Id.*

20. Here, Zeiger asserts only "retaliatory termination…in violation of the tort laws and public policies of the state of Indiana." (*See* Compl. at ¶ 5, **Ex. A**.) Therefore, even if Zeiger's retaliation claim is based on Indiana's Workers' Compensation statute, (which it is not), his claim

55325174;2

would still not arise under workers' compensation laws within the meaning of Section 1445(c) as held in *Spearman*. Removal of this action is proper.

## TIMELINESS OF REMOVAL

21. This Notice of Removal is filed with this Court within thirty (30) days after NUCOR received the first pleading from which the removable nature of this case was first ascertainable by NUCOR. *See* 28 U.S.C. §1446(b)(3). As such, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

22. As required by 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon Zeiger, by and through his attorneys of record.

23. A notice of this Notice of Removal is also being filed with the DeKalb Superior Court, Indiana, which will give written notice of the filing to Zeiger and the respective state court.

24. By filing this Notice of Removal, NUCOR does not waive its rights to object to jurisdiction over the person, or venue, and the expiration of the applicable statute of limitations, and it specifically reserves the right to assert any other defenses and/or objections to which it may be entitled as a matter of law or equity.

## CONCLUSION

WHEREFORE, NUCOR hereby file this Notice of Removal so that the entire State Court action, Case Number 17D01-2020-CT000045 to the United States District Court for the Northern District of Indiana, for all further proceedings.

DATED: November 25, 2020.

55325174;2

        Respectfully submitted,

        <u>/s/Amy Moor Gaylord</u>
        Amy Moor Gaylord
        Indiana Attorney Admission No. 6243522
        Akerman LLP
        71 S. Wacker Drive, 47th Floor
        Chicago, IL  60606
        312-870-8027
        amy.gaylord@akerman.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2020, I served the attached **NOTICE OF REMOVAL** via electronic mail and U.S. regular mail upon the following persons, addressed to them at the following addresses:

Christopher C. Myers
Christopher C. Myers & Associates
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone: (260) 424-0600
E-mail: cmyers@myers-law.com
*Counsel for Plaintiff*

Respectfully submitted,

/s/Amy Moor Gaylord
Amy Moor Gaylord
No. 6243522
Akerman LLP
71 S. Wacker Drive, 46th Floor
Chicago, IL  60606
(312) 870-8027
amy.gaylord@akerman.com

55325174;2